■ In the Matter of Thomas S. Atkins et al., Respondents, v Thomas M. Monahan, Jr., et al., Constituting the Board of Elections of Rensselaer County, et al., Respondents, and Ann L. Monroe et al., Appellants.—Appeal from a judgment of the Supreme Court at a Trial Term, entered September 26, 1977 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to section 330 of the Election Law, seeking to declare invalid and void the certificate of nomination nominating the respondents as candidates of the Conservative Party for various town offices in the Town of East Greenbush, Rensselaer County. Petitioners timely filed objections and specifications of objections to the certificate of nomination filed by the appellants alleging, among other things, that the certificate was invalid and void as a result of the use of proxy votes at the town caucus at which the candidates named therein were nominated. Generally, voting by proxy is

impermissible in the absence of an express statutory provision or party rule allowing such voting (*Matter of Hart v Sheridan,* 168 Misc 386, 390; see *Matter of Nirenberg v Vogt,* 34 AD2d 1037, affd 27 NY2d 770; *Matter of Northrup v Kirwan,* 88 Misc 2d 255, 265). Here, there is neither an express statutory provision nor a party rule that allows voting by proxy at a town caucus of the Conservative Party in the Town of East Greenbush. Consequently, since the nomination of the candidates named in the certification of nomination filed by the appellants is dependent on proxy voting, it is invalid. In view of this conclusion it is unnecessary for us to pass upon the question of whether or not the use of proxy voting at a town caucus violates the constitutional concept of "one man, one vote". Judgment affirmed, without costs. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.